**William Budslow POTTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 17275.

United States Court of Appeals
Eighth Circuit.

May 31, 1963.

John Patrick Keegan, New Orleans, La., for appellant.

Peter E. Duffy, Asst. U. S. Atty., Louis C. LaCour, U. S. Atty., Walter F. Gemein-hardt, First Asst. U. S. Atty., for appellee.

Before CAMERON and BROWN, Circuit Judges and WHITEHURST, District Judge.

William Budslow Potter, pro se.

F. Russell Millin, U. S. Atty., and William A. Kitchen, Asst. U. S. Atty., Kan-

---

sas City, Mo., filed printed brief for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

PER CURIAM.

This is an appeal by William Budslow Potter, hereinafter called defendant, from an order dated January 8, 1963, denying his motion filed pursuant to 28 U.S.C.A. § 2255 and Rule 35, Federal Rules of Criminal Procedure, to vacate or correct sentences alleged to be illegal.

Defendant, represented by counsel of his own choice, entered voluntary pleas of guilty in case No. 2240, to Count I of an indictment charging him with armed robbery of the Cornerstone Bank, Southwest City, Missouri, and to Count V charging conspiracy to commit said robbery. He was duly sentenced to 14 years imprisonment on Count I and 3 years imprisonment on Count V, said sentences to be served consecutively. At the same time, defendant having previously signed waiver of indictment and consent to transfer under Rule 20, entered pleas of guilty, and was sentenced to 5 year terms upon three informations charging other robberies. (Cases Nos. 19215, 19218 and 19225.) The sentencing orders specifically state that the imprisonment is consecutive to that imposed in No. 2240, and consecutive sentences were imposed in each of the transferred cases, the judgment entries specifically stating the order in which the sentences were to be served. The consecutive sentences aggregated 32 years. Each of the sentences imposed is within the limits prescribed by statute for the punishment of the offenses charged.

Defendant's contention that the court is without jurisdiction or power to impose consecutive sentences is wholly without merit. Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312; Shields v. United States, 6 Cir., 310 F.2d 708; Swepston v. United States, 8 Cir., 289 F.2d 166; Ellerbrake v. King, 8 Cir., 116 F.2d 168.

Defendant's claim that the language used in imposing the consecutive sentences is ambiguous and ineffective is likewise completely without merit. The court in its orders imposing sentences clearly sets out the fact that the sentences are consecutive and prescribes the order in which they are to be served.

The court committed no error in not granting the defendant a hearing upon his motion. We agree with the trial court's determination that the files and records in this case conclusively show that defendant is entitled to no relief. Other contentions urged by the defendant have been carefully examined and found to be without merit.

Affirmed.