**Melvin Leroy MAHLER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7616.**

United States Court of Appeals
Tenth Circuit.

June 15, 1964.

Rehearing Denied July 27, 1964.

Donald B. Gentry, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Melvin Leroy Mahler appeals from an order of the United States District Court for the Western District of Oklahoma overruling his motion under 28 U.S.C. § 2255 to vacate a judgment and sentence which he is serving. In his motion Mahler alleges that his plea of guilty to three counts of an indictment charging him with conspiracy and substantive violation of the Federal Narcotics Law was not voluntary.[1]

Mahler and his codefendants were arrested by Federal Narcotics Agents without a warrant after they had been observed in transactions which led the agents to believe that narcotics were being handled illegally. They were later indicted, and upon arraignment entered pleas of not guilty and were released on bond. Sometime thereafter a motion to suppress the evidence seized at the time of the arrest was overruled. During this time Mahler was represented by competent counsel of his own selection. When the case came on for trial, Mahler's counsel was not present for the selection of the jury or the opening statement of the prosecution. Counsel had previously made arrangements with retained counsel of a codefendant to appear in Mahler's behalf during these proceedings. Mahler's counsel appeared prior to the taking of any evidence. The court, at the request of the defendants, granted a recess and the parties, with their counsel, met in conference. At the conclusion of this conference Mahler withdrew his plea of not guilty and entered a plea of guilty.[2]

Later Mahler appeared before the court and was sentenced to serve a term

---

1. In substance, Mahler alleges in his motion that his plea of guilty should be set aside because (1) the evidence of his guilt was obtained as a result of an unreasonable search and seizure; (2) the trial judge failed to comply with Rule 11 to determine if his plea was voluntary; (3) his plea was coerced by his attorney's statement that he had an agreement with the court that Mahler would not be sentenced to more than three years on a plea of guilty; (4) that he was under the influence of narcotics at the time the plea was entered; and (5) that he did not have effective assistance of counsel during his trial.

2. When Mahler's plea of not guilty was withdrawn and his plea of guilty entered, the following colloquy took place:

"THE COURT: Mr. Mahler, you are here in person and represented by Mr. Samara. He has made the statement to the court that you desire at this time to withdraw your former plea of not guilty as to Count 1, 2 and 4 of this indictment. Is that correct? THE DEFENDANT: Yes, Sir.

"THE COURT: And you do withdraw your plea of not guilty to Counts 1, 2 and 4 of the indictment? THE DEFENDANT: Yes, Sir.

"THE COURT: How do you now plead as to Count 1?

"THE DEFENDANT: Guilty.

"THE COURT: Count 2? THE DEFENDANT: Guilty.

"THE COURT: Count 4? THE DEFENDANT: Guilty.

"THE COURT: Very well. The pleas will be accepted."

of eight years on each of the three counts, to run concurrently.[3]

At the hearing on this motion, Mahler testified that prior to the entry of his plea of guilty, his attorney had advised him he had an agreement with the Judge in which he said: "I don't think the Judge will give you the minimum, but I believe he will give you three years." He testified that he was under the influence of narcotics but "When I was facing 30 years I thought 3 years would be the best out because the arresting officers had already threatened me with a lengthy term in the penitentiary if I would not cooperate, and when I didn't cooperate I knew they would get me this long term." When Mahler was sentenced he made no reference to the alleged agreement that his sentence would not exceed three years.

■ After Mahler was taken to the Leavenworth penitentiary he wrote a letter to his attorney stating that he thought "we got a raw deal", but thanked him for doing what he could for him. His assertion now that he did not have adequate representation prior to his plea of guilty appears to be an afterthought and without merit. Bailey v. United States, 10 Cir., 312 F.2d 679. Mahler's attorney was called as a witness and testified as to his part in all of the proceedings from the time of Mahler's arrest, including a preliminary hearing, until he was finally sentenced. He stated that he did not tell Mahler he had an agreement with the Judge that the sentence would not exceed three years. He also testified that the plea of guilty appeared to have been entered voluntarily and he observed no evidence that Mahler was under the influence of narcotics. The evidence clearly sustained the court's findings that the plea of guilty was entered voluntarily.

■ A plea of guilty voluntarily made forecloses an accused's right to object to the manner in which he was arrested or how the evidence may have been obtained against him. The plea is a waiver of all non-jurisdictional defenses and a sentence which follows such a plea of guilty is the result of the plea and not the evidence theretofore obtained. Bailey v. United States, 10 Cir., 324 F.2d 632; Sullivan v. United States, 10 Cir., 315 F.2d 304, cert. denied 375 U.S. 910, 84 S.Ct. 203, 11 L.Ed.2d 149; Barnhart v. United States, 10 Cir., 270 F.2d 866; Thomas v. United States, 9 Cir., 290 F.2d 696, motion for leave to file petition for cert. denied 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401; Kinney v. United States, 10 Cir., 177 F.2d 895, cert. denied 339 U.S. 922, 70 S.Ct. 610, 94 L.Ed. 1345.

Affirmed.

---

3. Prior to the pronouncement of sentence, the following discussion took place in open court:
"THE COURT: Mr. Mahler, you have heretofore pled guilty to Counts 1, 2 and 4 of the indictment returned by a grand jury charging you with a violation of the statute dealing with narcotic drugs for which the minimum penalty is two years and the maximum penalty not more than ten and a $20,000 fine on each count. Do you know of any legal reason why the the court should not pronounce sentence on you today pursuant to your plea of guilty? THE DEFENDANT: No, Sir.

"THE COURT: Do you have anything you would like to say in mitigation of the punishment and so forth?
"THE DEFENDANT: If there is any possibility of probation on this sentence, I do have a job waiting for me.
"THE COURT: There would not be much chance of probation in this case. You have a record here starting back in 1955, burglary and other things, but I will be glad to hear if you have anything to say in mitigation of sentence, why you should not be given the maximum sentence. Do you have anything to say? THE DEFENDANT: No, Sir."