Claude George **ATKINS**, Appellant,

v.

**STATE OF KANSAS**, Warden Sherman H. Crouse, Appellee.

No. 9513.

United States Court of Appeals Tenth Circuit.

Dec. 1, 1967.

Leslie L. Conner, Jr., Oklahoma City, Okl., for appellant.

Daniel D. Metz, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant's petition for habeas corpus was denied without an evidentiary hearing. Upon his arraignment in a Kansas state court, appellant was represented by counsel and pleaded guilty to burglary and larceny. Concurrent sentences were imposed. He appealed to the Kansas Supreme Court and was there represented by counsel. The only error urged was the lack of representation by counsel at a preliminary hearing. The judgment was affirmed. See State v. Atkins, 195 Kan. 182, 403 P.2d 962. The United States Supreme Court denied certiorari. See 382 U.S. 964, 86 S.Ct. 451, 15 L.Ed.2d 367. In its opinion the Kansas Supreme Court pointed out that at the preliminary hearing appellant was advised of his right to counsel; that he waived his right to preliminary examination; that the evidence then received did not include any reference to admissions made by appellant during the course of the investigation; and that at the time of his arraignment, guilty plea, and sentence appellant was represented by competent and able counsel.

The decision of the Kansas Supreme Court accords with our decision in Latham v. Crouse, 10 Cir., 320 F.2d 120, 122, cert. denied 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317, that "where an accused did not enter a plea of guilty at a preliminary hearing, did not make a confession, did not testify and did not say anything of an incriminating nature, the failure to furnish counsel at such hearing did not abridge the accused's fundamental constitutional rights."

The only point worthy of consideration on this appeal is the voluntariness of the guilty plea. Such a voluntary plea waives all non-jurisdictional defenses and a sentence imposed thereon is the result of that plea and not the re-

820

sult of evidence theretofore obtained. See Moore v. Rodriguez, 10 Cir., 376 F.2d 817, 818; and Brown v. Cox, 10 Cir., 347 F.2d 936, 937. Appellant asserts generally that his plea was coerced by an unlawful confession and by illegally obtained evidence and fails to make any allegation of how either was used to obtain an involuntary plea. No claim is made that the counsel who represented appellant at the time of plea was not competent. In a collateral attack on a criminal judgment the prisoner must state some factual basis for the relief sought. See Martinez v. United States, 10 Cir., 344 F.2d 325, 326–327; and Stephens v. United States, 10 Cir., 246 F.2d 607. Here we have nothing but generalities and conclusions which are insufficient to entitle appellant to an evidentiary hearing.

Affirmed.