**Robert G. WILLIAMS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9385.**

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1967.

James W. Heyer, Denver, Colo. (Keith Marks, Dallas, Tex. was with him on the brief), for appellant.

Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., David Ferber, Sol., and Roy Nerenberg, Securities and Exchange Commission, were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

After a full evidentiary hearing appellant Williams was convicted on January 27, 1967, of criminal contempt by the District Court for the District of Colorado for wilful disobedience of a permanent injunction issued by that court on a final judgment entered by default in 1963. Williams appeals, contending that his acts premising the contempt conviction were not a violation of the injunction, that the evidence is insufficient to support a finding that he wilfully violated the terms of the injunction, and that the sentence imposed by the trial court was too harsh. We find no merit to any of these contentions and affirm the judgment.

During February 1963, the Securities and Exchange Commission commenced a civil action against Williams in Colorado seeking to enjoin violations of the registration requirements, 15 U.S.C. § 77e(a) and (c) and the anti-fraud provisions, 15 U.S.C. § 77q(a), of the Securities Act of 1933. Premised on the allegations of the complaint that Williams was engaged by means of interstate commerce in the selling and offering for sale of unregistered investment contracts of Black Angus Steak Houses, Inc., a Colorado corporation, further allegations that Williams had made and was making specific and untrue representations of material facts pertaining to such contracts, and additional and supplemental representations to the Colorado court that Williams was engaged in a similar operation in Missouri, that court entered a permanent injunction couched in the terms of the Commission's complaint and set out in full in Appendix A.

In June 1966, Williams formed a Texas corporation called Black Angus Steak Houses, Inc. and sold unregistered investment contracts in that company through solicitations placed in newspapers. Through funds so received, Williams established a pilot restaurant in Dallas, Texas (as he had done earlier in his Colorado operations at Aurora, Colorado) and then proceeded with promotions of additional steak houses in Texas, New Mexico, Louisiana, Minnesota, Illinois, Indiana, and Missouri. The simple essence of Williams' operations consisted of establishing and operating a single restaurant, paying to contract investors a royalty return regardless of the profit or loss incurred by the restaurant, and then using the investors as references for further promotions.

Appellant concedes that the Colorado injunction is not subject to a geographical limitation and that the Texas operation was "almost identical in its plan and operation" and would be equally violative of this Securities Act. In this posture it is difficult to term appellant's argument that the injunction is inoperative from lack of specificity[1] as more than self-denying. It is, of course, well accepted that an injunction must be worded in such specific terms and with such detail as to put the party enjoined on notice of precisely what he is called upon to do or refrain from doing. It cannot be so general as to leave the party open to the hazard of conducting business in the mistaken belief that it is not prohibited by the injunction and thus make him vulnerable to prosecution for contempt. B & C

---

1. Rule 65(d) of the Fed.R.Civ.P. provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Truck Leasing, Inc. v. I. C. C., 10 Cir., 283 F.2d 163. But here appellant, using the same corporate name, the same unlawful method of raising money, and reciting the same untruths to investors, was not trapped by an injunctive generality. It was as though the Colorado fraud had been a dress rehearsal for the Texas fraud which gave rise to the contempt conviction. Under these circumstances we cannot say that the phrase "any other securities" as used in the injunction is vague when projected against appellant's particularized conduct or that the appellant was not fairly put on notice that his acts were in violation of the injunction.

█ Nor do we see any reason to upset the trial court's finding that there was sufficient evidence to support a finding of wilful disobedience. The appellant necessarily knew he was selling securities without registration in contravention of the securities laws as well as the injunction. He also necessarily knew that the untruths he was promulgating concerning the success of the Colorado venture and the so-called matching funds were in direct violation of the injunction. There is evidence in the record that sales of investments were made after appellant was warned by a member of the staff of the Commission that continued sale of securities was violative of the injunction. The trial court found a lack of innocence or mistake noting the overall fraudulent nature of the scheme. The appellant had referred to the investors as "suckers" and to the whole operation as a way to "steal" and do it "legally." The evidence is ample to support the finding of wilfulness.

█ Finally we find that the imposition of concurrent six-month sentences was not unreasonable under the circumstances. Discretion is properly placed in the trial judge and absent abuse will not be disturbed here. The Supreme Court has limited the opportunity for abuse and given a large measure of protection to defendants in this type of case by holding that "sentences exceeding six months for criminal contempt may not be imposed by federal courts absent a jury trial or waiver thereof." Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629. In light of the trial court's findings, which we affirm, on the question of wilfulness we find no abuse of discretion in the imposition of the sentence.

The judgment is affirmed.

APPENDIX A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLORADO

CIVIL ACTION File No. 7878

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BLACK ANGUS STEAK HOUSES, INC., a Colorado corporation, and ROBERT G. WILLIAMS, aka BOBBY WILLIAMS, aka BOB ROBERTS,

Defendants.

DEFAULT JUDGMENT OF PERMANENT INJUNCTION

It appearing to the Court that the defendants Black Angus Steak Houses, Inc. and Robert G. Williams have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that the Clerk of this Court has entered the default of the defendants in this action on October 28, 1963, and the Court having considered plaintiff's motion for final judgment by default;

It is hereby ordered, adjudged and decreed that the defendants Black Angus Steak Houses, Inc. and Robert G. Williams, their officers, agents, employees, attorneys and assigns, and each of them, be and hereby is permanently enjoined from, directly and indirectly:

I

(a) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell through the use or medium of any prospectus, or otherwise, investment contracts of Black Angus Steak Houses, Inc., or any other securities, unless and until a registration statement has been filed with the Securities and Exchange Commission as to such securities or while a registration statement filed with the Securities and Exchange Commission as to such securities is the subject of a refusal order or stop order of the Securities and Exchange Commission or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933.

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell investment contracts of Black Angus Steak Houses, Inc., or any other securities, through the use or medium of any prospectus, or otherwise, unless and until a registration statement is in effect with the Securities and Exchange Commission as to such securities.

(c) Carrying such securities or causing them to be carried through the mails or in interstate commerce by any means or instruments of transportation for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Securities and Exchange Commission as to such security.

Provided, however, that nothing in the foregoing portion of the requested injunction shall apply to any security which is exempt from the provisions of Section 5 of the Securities Act of 1933, as amended.

II

(a) In the offer or sale of investment contracts or any other securities, making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to obtain money or property by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, concerning:

(i) The investment by the organizers, officers or directors of an amount equal to the investment of the security holders for the purpose of promoting and operating the company.

(ii) The successful operation of the company and whether such successful operation justified the opening of additional enterprises on behalf of the company.

(iii) The holding of a lease by the company, its organizers, officers or directors in December of 1962 or at any other time on certain property on West 44th Avenue in Denver, Colorado, or any other property which property was to be used for the establishment of an additional enterprise.

(iv) The use of all monies received from purchase of such securities for the promotion and operation of the company.

(v) The operation in January of 1963 or at any other time of a "35,000 res-

taurant" owned and operated by the company, or any other untrue statements or omissions of similar purport or object.

/s/ William E. Doyle

William E. Doyle
Judge, United States District Court

Dated
Nov. 14, 1963.