**Frank Hale BENNETT, Appellant,**

v.

**Dallas ALLEN et al., and the People of the State of California, Appellees.**

**No. 21779.**

United States Court of Appeals
Ninth Circuit.

June 12, 1968.

---

Frank Hale Bennett, in pro. per.

Thomas C. Lynch, Atty. Gen., Ronald M. George, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before HAMLEY, ELY, and CARTER, Circuit Judges.

PER CURIAM:

Bennett appeals from an order of the District Court dismissing his complaint, which requested declaratory and injunctive relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Our jurisdiction is founded upon 28 U.S.C. §§ 1291, 1294.

Bennett is presently in California penal custody, serving a sentence imposed following his plea of guilty to a charge of solicitation to commit a felony. This plea occurred after Bennett had made an earlier plea of not guilty to a charge of conspiracy to commit murder.

Bennett's complaint, brought in propria persona, presented two principal charges: (1) That he was entrapped into committing the crime of soliciting murder and (2) that his plea of guilty was a product of coercion in that it was made pursuant to the representation of his counsel that he would receive a lesser sentence than that which was in fact imposed. The named defendants included Bennett's former attorney, a private individual who had acted as a police informant, two judges, a district attorney, a deputy district attorney, two sheriffs, two deputy sheriffs, the Superintendent of the California Correctional Institution at Tehachapi, the Adult Authority of California, and the People of the State of California. In his complaint, Bennett did not pray for damages. He requested a declaratory judgment holding that his conviction was unconstitutional and an injunction restraining further incarceration because of that conviction.

Upon the motion of all the defendants other than the attorney and the police informant, the District Court issued the following order:

"IT IS ORDERED, on the following grounds, that defendants' Motion to Dismiss Complaint be granted without leave to amend, and that in the interest of justice the complaint be dismissed without leave to amend as to the other, non-moving defendants, to wit * * * [the attorney and the police informant]:

"1. The defendant judges, prosecutors, prison officials, and People of the State of California have immunity from plaintiff's suit;

"2. The complaint fails to allege any connection between the facts set forth in the complaint and defendants Bland [a sheriff], The Adult Authority, Lloyd [the Superintendent of the California Correctional Institution at

Tehachapi], and The People of the State of California;

"3. Neither those defendants enjoying immunity from plaintiff's suit, nor those defendants who are not immune, violated any of plaintiff's constitutional rights since an allegation of entrapment affords no basis for relief under the present circumstances, and since the facts alleged are insufficient to support the allegations of entrapment and of the invalidity of plaintiff's plea of guilty;

"4. In the event the complaint is viewed as a petition for writ of habeas corpus, such a claim for relief is barred by plaintiff's failure to exhaust his state remedies."

■■■ We need not explore the validity of all the District Court's conclusions regarding the immunity of various defendants and the failure of the complaint to state a claim upon which relief may be granted under the Civil Rights Act. It is our opinion that the complaint should properly have been treated as a petition for habeas corpus.[1] We reemphasize the fact that Bennett, seeking no damages, requested a declaration that his conviction was invalid and an injunction restraining his further imprisonment. In effect, he contends that his state court conviction should be vacated. Clearly, a petition for writ of habeas corpus is the appropriate method for obtaining such relief. It would have been improper, however, for the District Court to conduct an evidentiary hearing on the allegations which Bennett made. The court properly recognized this, noting that there has been failure to exhaust state remedies. While Bennett did not appeal from his conviction, the California courts are available for the kind of collateral attack which is now sought to be made,

prematurely, in the federal court. In re Shipp, 62 Cal.2d 547, 43 Cal.Rptr. 3, 399 P.2d 571 (1965), cert. denied, 382 U.S. 1012, 86 S.Ct. 623, 15 L.Ed.2d 528 (1966). Thus Bennett must apply to those courts before he seeks relief in our system. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

The order of dismissal is

Affirmed.

[1.] For a similar case, see Johnson v. Avery, 252 F.Supp. 783 (M.D.Tenn.1966), wherein the District Court treated a civil rights action as a petition for writ of habeas corpus. The decision of the District Court was reversed on appeal, but the court of appeals also treated the cause

as one involving a petition for writ of habeas corpus. Johnson v. Avery, 382 F.2d 353 (6th Cir. 1967), petition for cert. granted, 390 U.S. 943, 88 S.Ct. 1071, 19 L.Ed.2d 1131 (March 4, 1968) (No. 1195).