**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen L. SOLTOW, Defendant-Appellant.**

**No. 421–70.**

United States Court of Appeals, Tenth Circuit.

June 22, 1971.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., with him on the brief), for plaintiff-appellee.

McAtee, Marchiondo & Michael, Albuquerque, N. M., for defendant-appellant.

Before SETH and HOLLOWAY, Circuit Judges, and BROWN, District Judge.

WESLEY E. BROWN, District Judge.

We are solicited in this case to find that appellant Soltow's plea of Guilty was not a waiver of non-jurisdictional defects and required the District Court to accept a *nolo contendere* plea. We decline to do either and affirm the District Court.

Soltow was convicted upon his plea of guilty to Count I of an indictment which charged him, with others, of knowingly and unlawfully manufacturing, compounding and processing a quantity of dl–Methamphetamine, a stimulant drug within the meaning of 21 U.S.C. § 321(v) (3), 21 C.F.R. 320.3(b), in violation of 21 U.S.C. § 331(q) (1).

Soltow's main contention on this appeal from his conviction and sentence concerns the legal sufficiency of a search warrant under which certain items of personal property were seized. Appellant alleges that the trial court committed reversible error in finding that the warrant and supporting affidavit were legally sufficient, and in refusing to suppress evidence obtained pursuant to that warrant. It is also alleged that the search warrant is fatally defective in that it failed to affirmatively show that the conduct complained of did not come within one of the prescribed exceptions set out in 21 U.S.C. § 360a(a). In addition, Soltow asserts that the trial

court erred in failing to accept his plea of *nolo contendere*.

Prior to his plea, Soltow challenged the sufficiency of the search warrant and affidavit by a Motion to Suppress evidence obtained under that warrant. Following submission of this issue on briefs and oral arguments, the district court denied the motion to suppress. Soltow then sought to withdraw his plea of Not Guilty to Count I of the Indictment, and to enter a plea of *nolo contendere* to this charge. Among the reasons offered to support such a plea were allegations that, (a) the trial court had committed error in overruling the motion to suppress; (b) that a severance had been granted as to co-defendants, and since Soltow would be tried first, he would be precluded from using his co-defendant Haimowitz as a witness, since Haimowitz had advised he would invoke his Fifth Amendment Right against self-incrimination; (c) that Soltow's wife was implicated and a co-defendant; and (d) that since Soltow wished to attend law school he recognized that there was a potential opportunity for him to avoid having a conviction on his record through adult probationary proceedings.

The trial court refused to accept a plea of *nolo contendere*,[1] and in a subsequent hearing on the same date, Soltow withdrew his plea of Not Guilty to Count I, and entered his plea of Guilty. Soltow informed the Court that there had been no promises or pressures of any kind to persuade him to plead guilty. He stated that he was pleading guilty because he was guilty. He admitted helping to manufacture Methamphetamine, and that he did so, knowing that such an act was in violation of the law. In accepting his plea the District Judge made certain that the plea was knowingly and voluntarily made and that the plea had a basis in fact.

After Soltow's plea of guilty was accepted and sentence imposed, the Government dismissed Count II of the Indictment against Soltow, and Counts I and II against his wife, Nancy.

"A plea of guilty voluntarily made forecloses an accused's right to object to the manner in which he was arrested or how the evidence may have been obtained against him. The plea is a waiver of all non-jurisdictional defenses and a sentence which follows such a plea of guilty is the result of the plea and not the evidence theretofore obtained." Mahler v. United States (10th Cir. 1964) 333 F.2d 472, 474, cert. den. 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613; United States v. Doyle (2d Cir. 1965) 348 F.2d 715, cert. den. 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84; Bailey v. United States (10th Cir. 1963) 324 F.2d 632; Atkins v. State of Kansas (10th Cir. 1967) 386 F.2d 819.

■ The first two issues concerning the validity of the search warrant are not proper for appellate review under the facts of this case. Soltow's attorney thought the trial court had erred in overruling the motion to suppress, and he so advised Soltow. Had trial proceeded, Soltow would have had an opportunity to again object to the introduction of evidence seized under the search warrant, and his allegations concerning the validity of the warrant would have been properly preserved for review in this Court. However, the record clearly reflects that Soltow knowingly chose to plead guilty, even though his attorney believed he had a valid complaint concerning the warrant. None of the evidence Soltow claimed was illegally seized was used to obtain his conviction. He was convicted by his plea of guilty.

■ The remaining issue on this appeal concerns the trial court's refusal to accept a plea of *nolo contendere*. Soltow concedes that the acceptance of such plea is a matter solely within the discretion of the court. Rule 11 of the Feder-

---

1. The District Court stated (Transcript, p. 41):

    "If Mr. Soltow wants to change his plea, he may do so, but I'll not accept a *nolo contendere* plea. I see nothing unusual in this case from the hundreds of others that come through the Court all the time."

al Rules of Criminal Procedure provides that a defendant may plead *nolo contendere* only with the consent of the court. As stated in Mason v. United States (10th Cir. 1957) 250 F.2d 704, 706:

" * * * It is not necessary to decide whether a refusal to accept a plea of *nolo contendere* under certain circumstances may constitute an abuse of discretion. All the cases hold that the trial court is vested with a broad discretion in determining whether a plea of *nolo contendere* shall be accepted."

As in *Mason*, the record in this case is devoid of any suggestion that the trial court abused its discretion in refusing to accept Soltow's plea of *nolo contendere* and in accepting his plea of guilty.

Affirmed.