**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Edward DONOHOE, Defendant-
Appellant.**

**No. 71-1395.**

United States Court of Appeals,
Tenth Circuit.

March 30, 1972.

Jay M. Galt, Oklahoma City, Okl., for defendant-appellant.

Jack Speight, Asst. U. S. Atty. (Richard V. Thomas, U. S. Atty., Tosh Suyematsu, Asst. U. S. Atty., on the brief), Cheyenne, Wyo., for plaintiff-appellee.

Before HILL, HOLLOWAY and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

The appeal is taken from an order denying a motion to modify a sentence pronounced in a criminal prosecution.

While being held in custody under a commissioner's warrant for bank robbery, appellant waived proceedings by indictment and consented to prosecution by an information. An attorney to represent him had been appointed by the court prior to the waiver proceedings. On the same date the waiver was effected and prior to arraignment and plea, the court ordered Donohoe committed to the Springfield Medical Center for a mental examination. Subsequently, upon the basis of the report from the medical center concerning the mental competency of Donohoe, the trial court ordered him returned for trial; this order recited "no hearing shall be held on the question of whether Defendant Donald Edward Donohoe is presently insane or otherwise so mentally incompetent as to be able to understand the proceedings against him or properly to assist in his own defense." After the return of Donohoe from the medical center, upon arraignment, by his court appointed attorney he entered a plea of not guilty by reason of insanity and not able to stand trial because of present insanity. Within a few days thereafter he withdrew his plea in open court and entered a plea of guilty to the charge of bank robbery. The trial judge, after complying with Rule 11, F.R.Crim.P., accepted the plea of guilty and pronounced an indeterminate sentence of not to exceed seven years under 18 U.S.C. § 4208(a)(2).

After sentence and within the time provided for by Rule 35, F.R.Crim.P., Donohoe filed his motion to modify the sentence to provide for a sentence not exceeding three years. In the motion, petitioner raised three points: the failure of the trial court to rely upon the psychological evaluation of Donohoe; the court's failure to establish that Donohoe was mentally competent at time the offense was committed; and the incompetency of counsel. A hearing on the motion was had in the chambers of the court with the court appointed counsel and government counsel present. No formal hearing in court was held, and the court reporter was not present to make a record. The order entered denying the motion specifically recited that the defendant throughout all of the proceedings was ably and effectively represented. The other two points raised by the petition were not specifically mentioned in the order, but by the denial of the motion we must assume that the trial court deemed those points to be without merit.

Counsel for appellant here would have us expand this motion to modify sentence to include all questions cognizable under a § 2255 proceeding. This we will not do, because the usual post-conviction remedies in the trial court are still available to Donohoe, regardless of this proceeding.

In this appeal appellant advances four points of error. Firstly, the trial court allegedly committed error by its failure to inquire into the appellant's mental competency at the time of the commission of the bank robbery, even though the court had found that the appellant was competent to stand trial. Secondly, the trial judge's remark at sentencing in reference to a Utah motel robbery was allegedly prejudicial to the appellant. Thirdly, it was improper for the trial court to hold a hearing on appellant's motion to modify sentence without the appellant's presence, but with the attorney appellant alleges to be incompetent representing appellant. Fourthly, appellant asserts that the trial court commit-

ted prejudicial error when it failed to have a court reporter present to transcribe the hearing of appellant's motion to modify sentence.

We find no merit in appellant's contentions. The trial court's order of November 3, 1970, entered without a hearing, found that the appellant was mentally competent to stand trial. The purpose of the psychiatric examination upon which the November 3, 1970, order is based was to determine the appellant's competency to plead to the charges against him and to stand trial.[1] Insanity at the time of the commission of the crime is a defense which must be presented and determined at the time of trial.[2] A guilty plea waives all nonjurisdictional defenses.[3] Although appellant originally pled not guilty by reason of insanity, he later changed his plea to guilty, thereby waiving the defense of insanity at the time of commission of the offense. The trial court had no duty to specifically inquire into competency at the time of the commission of the offense.

Appellant was not prejudiced by the trial judge's remark made during the sentencing process in reference to a Utah motel robbery the night preceding the bank robbery. The remark was apparently based on the pre-sentence report which had been submitted to the judge by the probation officer.[4] Wide discretion in imposition of sentence reposes in the trial judge; absent a showing of abuse, this discretion will not be disturbed on review.[5] Appellant was sentenced to seven years' imprisonment; twenty years is the maximum penalty for this offense. We find no abuse of discretion here.

Appellant attacks conduct of the hearing on the motion to modify sentence. Although this Court has not spoken on this particular point, other circuits have held that there is no right to a hearing in open court on a motion to modify sentence.[6] Such a motion is addressed to the sound discretion of the trial judge and is ordinarily considered by the judge informally and in chambers.[7] Appellant had no constitutional right to be personally present or to be represented by counsel at consideration of this motion. No error may here be predicated on appellant's absence. In the order denying appellant's motion to modify, the trial judge found appellant's counsel competent. We uphold this finding. The record contains no evidence of incompetent representation. Indeed, the question of competence of the appointed counsel is here irrelevant. Appellant's attack on the conduct of the hearing on the motion to modify sentence is baseless.

Appellant's fourth contention that the trial court committed prejudicial error when it failed to have a court reporter present to transcribe the hearing of the motion to modify sentence is likewise without merit. Recording is mandatory only when the proceed-

1. Wolf v. United States, 430 F.2d 443, 445 (10th Cir. 1970); Wolcott v. United States, 407 F.2d 1149, 1150 (10th Cir. 1969), cert. denied 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137.

2. Dodd v. United States, 222 F.2d 175, 176 (10th Cir. 1955).

3. United States v. Soltow, 444 F.2d 59, 60 (10th Cir. 1971); Atkins v. Kansas, 386 F.2d 819 (10th Cir. 1967); Mahler v. United States, 333 F.2d 472, 474 (10th Cir. 1964), cert. denied 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613; Bailey v. United States, 324 F.2d 632 (10th Cir. 1963).

4. From the record, the sentencing judge, prior to the pronouncement of sentence, inquired, "Then the night before this bank robbery, you committed an armed robbery and obtained $500. Do you recall that?" Donohoe replied, "Some of it."

5. Williams v. United States, 402 F.2d 47, 49 (10th Cir. 1967).

6. United States v. Garrick, 399 F.2d 685 (4th Cir. 1968); Gilinsky v. United States, 335 F.2d 914, 916 (9th Cir. 1964); Potter v. United States, 317 F.2d 661, 662 (8th Cir. 1963).

7. United States v. Garrick, 399 F.2d 685 (4th Cir. 1968).

ings are had in open court.[8] As stated earlier, there is no right to a hearing in open court on a motion to modify sentence. The hearing here was not evidentiary, and might properly be characterized as in camera. Recording of the proceedings was thus not mandatory; it was not error to decline to do so.

Affirmed.

HOLLOWAY, Circuit Judge (concurring and dissenting):

I agree with the Court's opinion and disposition on all issues except the issue of consideration of a separate robbery offense in connection with appellant's sentencing.

Among other things, on this issue appellant alleged that he had never been convicted of a felony previously; that the remark of the District Court referring to a Utah motel robbery "constituted prejudice" and an abuse of discretion; and that the Court relied heavily, if not solely, on a "totally imaginary Utah 'State' motel robbery as a determining factor" in imposing an excessive sentence. Our record shows reference to the matter in the District Court's discussion with appellant at sentencing. The Court referred to appellant's having committed an armed robbery the night before the instant bank robbery offense, and asked if appellant recalled the motel robbery and appellant replied "some of it." The Court stated he was not sentencing appellant on that matter, but that it would show his intent. Thus, the record seems clear that the Court took account of the motel robbery matter as a part of the defendant's prior record, which he was entitled to consider.

To me appellant's allegations denying any prior conviction or involvement in the motel robbery raised a substantial due process issue. It is true that these allegations were stated in a "Petition for Modification of Sentence." Nevertheless, looking to the substance instead of the form of the *pro se* instrument, I believe it should be treated as a motion to vacate the sentence, calling for examination of the facts. See Andrews v. United States, 373 U.S. 334, 337–338, 83 S.Ct. 1236, 10 L.Ed.2d 383; Aldridge v. United States, 405 F.2d 831 (9th Cir.); and Bennett v. Allen, 396 F.2d 788, 790 (9th Cir.). It is enough if appellant presented allegations and supporting facts which, if borne out by proof, would entitle him to relief. Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L. Ed. 1356.

Looking at the substance of the allegations, there should be a resentencing if it develops that the Court was furnished incorrect information and appellant ". . . was sentenced on the basis of assumptions concerning his criminal record which were materially untrue." United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed. 592; cf. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690. Since the record does not conclusively show that appellant was entitled to no relief on this issue, I would remand the case for such further proceedings as the District Court finds appropriate to develop the facts, and if called for by such facts, a resentencing.

---

8. Parrott v. United States, 314 F.2d 46, 47 (10th Cir. 1963).