**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GUY R. HYLTON, JR.,

    Defendant-Appellant.

No. 08-6011

(D.C. No. 5:06-CR-00299-HE-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK,** and **O'BRIEN**, Circuit Judges.

---

Defendant Guy R. Hylton, Jr. served as the long-time city manager of Elk City, Oklahoma. Under his leadership, Elk City purchased an abandoned train depot, requiring extensive renovations, for municipal use. Inmates of the Oklahoma Department of Corrections, assigned to the Elk City Community Work Center, were selected to perform an overhaul of the depot. As part of their work on the depot, these inmates were required to remove a large quantity of insulation related to the depot's boiler system. Authorities eventually determined that this insulation contained asbestos. Evidence indicating Defendant was aware of the possibility of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asbestos in the depot, and yet failed to take any measures to protect the health of inmates, led to federal authorities initiating criminal proceedings against him.

Ultimately, a grand jury charged Defendant with (1) knowingly causing asbestos to be released into the ambient air, thus placing others in imminent danger of death or serious bodily injury, in violation of 42 U.S.C. § 7413(c)(5)(A); (2) knowingly violating the waste disposal standard for asbestos, in violation of 42 U.S.C. § 7413(c)(1); and (3) knowingly and willfully making a false writing, in violation of 18 U.S.C. § 1001(a)(3). The petit jury acquitted Defendant on all three felony counts, but convicted Defendant of negligent endangerment, a lesser included offense of count one. See 42 U.S.C. § 7413(c)(4). At sentencing, the district court imposed a six-month term of imprisonment and ordered Defendant to pay a $15,000 fine.

Defendant raises two issues on appeal. First, Defendant challenges the district court's denial of his Motion for Acquittal, arguing the Government's evidence was insufficient to show he negligently placed others in imminent danger of death or serious bodily injury. Second, Defendant disputes the district court's conclusion that he lied on the stand and thus the reasonableness of his sixth-month term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291. Finding no merit to Defendant's arguments, we affirm.

I.

We first address Defendant's assertion that the district court erred in denying

his Motion for Acquittal. Our review of the sufficiency of the evidence supporting

a criminal conviction, as well as the district court's denial of a motion for acquittal,

is de novo. See United States v. Vigil, 523 F.3d 1258, 1262 (10th Cir. 2008). As we

explained in United States v. Bowen, 527 F.3d 1065, 1076 (10th Cir. 2008):

> "The scope of our inquiry is limited to determining whether a reasonable jury could find the defendant guilty beyond a reasonable doubt, if it viewed all direct and circumstantial evidence, as well as all reasonable inferences drawn from that evidence, in the light most favorable to the Government. Thus, our review of the evidence the Government presented at trial is highly deferential. We may not assess the credibility of witnesses or weigh conflicting evidence, as these tasks are exclusively for the jury. Accordingly, we may reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

(citations omitted).

Defendant contends that the Government presented insufficient evidence for

the jury to conclude, beyond a reasonable doubt, that he negligently placed inmates

working on the depot in imminent danger of death or serious bodily injury. The

record in this case, however, reveals that the jury heard sufficient expert testimony

on which to base this conclusion. For example, Dr. Christopher Weis, a board

certified toxicologist, testified that the "tremendous intensity" of the asbestos to

which the inmates were exposed "over a very short time . . . likely overwhelmed

their bodies' natural ability to remove these fibers," thus exposing the inmates to a

3

heightened risk of developing "serious debilitating and potentially lethal asbestos-related disease[s]." Dr. Steven Hessl, a physician, further testified that exposure to the asbestos in the depot placed inmates at a "substantial risk" of developing "Mesothelioma and lung cancer."

In tandem, the testimony of these experts provided the jury with a sufficient basis to conclude Defendant's actions placed the inmates in imminent danger of death or serious bodily injury. The relevant instruction submitted to the jury, which Defendant does not challenge on appeal, provided that "imminent danger" constituted "the existence of a . . . combination of conditions which could reasonably be expected to cause death or serious bodily injury." Furthermore, this instruction clarified that the danger to which the inmates were exposed must be "an immediate result" of Defendant's "conduct," but that this danger might "involve a harm which may not ultimately ripen into death or serious bodily injury for a lengthy period of time, if at all." Based on the expert testimony described above, a reasonable jury could conclude (1) that the inmates' exposure to the asbestos present in the depot was an immediate result of Defendant's conduct; and (2) that this exposure created a combination of conditions which could reasonably be expected, absent a remedy, to cause the inmates to experience serious bodily injury or death.[1]

---

[1] Defendant is mistaken in suggesting that the evidence was insufficient to support his conviction on count one because none of the Government's witnesses could testify, with certainty, that the inmates would experience serious bodily injury
(continued...)

Defendant's arguments to the contrary are unpersuasive. Based on countervailing expert testimony the defense presented at trial, Defendant argues the jury could not reasonably rely on the testimony of the Government's expert witnesses. But Defendant does not challenge the admissibility of the Government's experts' testimony on appeal. See Fed. R. Evid. 702. As such, the jury was free to credit the Government's experts above those presented by the defense. See Abilene Retail No. 30, Inc. v. Bd. of Comm'rs, 492 F.3d 1164, 1188 (10th Cir. 2007) (noting that a "battle of the experts . . . requires a . . . trier of fact to resolve"); United States v. Oliver, 278 F.3d 1035, 1043 (10th Cir. 2001) (noting that "it is solely within the province of the jury . . . to weigh . . . expert testimony").

We emphasize that "the jury . . . not the court . . . is the fact finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable." Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc., 703 F.2d 1152, 1158 (10th Cir. 1981). Defendant is surely wrong in assuming that we may "reweigh the evidence for the jury." United States v. Russell, 109 F.3d 1503, 1506 (10th Cir. 1997). On appeal, we are "not free

------

[1](...continued)
or death as a result of their exposure to the asbestos in the depot. As explained above, the jury was only required to find that the inmates' exposure to conditions in the depot *could reasonably be expected* to have such an effect.

5

to . . . set aside the jury verdict merely because the jury could have drawn different inferences or conclusions." Metcalfe v. Atchison, Topeka & Santa Fe Ry. Co., 491 F.2d 892, 898 (10th Cir. 1974). Defendant's conviction must, therefore, stand.

## II.

We next address Defendant's attack on the propriety of his sentence. At trial, Defendant testified that the first time he was informed asbestos might be present in the depot was when Jesse Hilley, a member of the Oklahoma Department of Labor's asbestos division, came to the depot and shut the renovation work down. Based on statements by Larry Myers, Steve Dozhier, and Chick Little indicating that Defendant was aware concerns existed as to the possibility of asbestos in the depot – before Hilley's arrival on the scene – the district court concluded Defendant's sentence should be enhanced for obstruction of justice.[2] See U.S.S.G. § 3C1.1. We review a district court's legal interpretation of the Sentencing Guidelines de novo and the district court's factual findings in support of a sentencing enhancement for clear error. See United States v. Sarracino, 340 F.3d 1148, 1172 (10th Cir. 2003).

Our review of the record demonstrates that the district court was justified in imposing an obstruction of justice enhancement here. Importantly, a district court

---

[2] Defendant suggests the district court erred in relying on Dozhier's and Little's statements in imposing an obstruction of justice enhancement because the statements of these two individuals were not cited in support of this enhancement in the Presentence Report. Because Defendant has failed to "make any argument or cite any authority to support" this assertion, we consider this issue waived and decline to address it. United States v. Hamilton, 510 F.3d 1209, 1218 n.5 (10th Cir. 2007).

6

need only find sentencing facts by a preponderance of the evidence. See United States v. Rodriguez-Felix, 450 F.3d 1117, 1130 (10th Cir. 2006). The three statements upon which the district court relied certainly provided an adequate basis for the district court to find (1) that Defendant intentionally lied, on the stand, in a manner that obstructed the "prosecution . . . of the instant offense of conviction," and (2) that this "obstructive conduct related to" Defendant's "offense of conviction." U.S.S.G. § 3C1.1.

We reject Defendant's claim that an obstruction of justice enhancement was somehow improper because it "flies in the face" of his acquittal on all three felony charges requiring actual knowledge of asbestos in the depot. First, we note that "[t]he Supreme Court and this circuit have both expressly held that acquitted conduct *can* be considered for purposes of sentencing." United States v. Todd, 515 F.3d 1128, 1137 (10th Cir. 2008). Second, and more to the point, the jury in no way acquitted Defendant of the conduct on which his obstruction of justice enhancement was based. The jury's conclusion that Defendant lacked actual knowledge of the asbestos in the depot does not indicate that Defendant had never heard of the *possibility* of asbestos' presence in the depot prior to Mr. Hilley's arrival. Defendant's argument in this regard is, therefore, meritless.

Defendant also attacks the substantive reasonableness of his sentence; that is, he challenges the appropriateness of his six-month term of imprisonment given "the

7

gravity of [his] crime and the § 3553(a) factors as applied to [his] case."[3] United States v. Martinez-Barragan, 545 F.3d 894, 898 (10th Cir. 2008). Specifically, Defendant challenges the reasonableness of his sixth-month sentence in light of the district court's sentencing of his co-defendant, who was convicted of a felony, to an eight-month term of imprisonment. Our review of the substantive reasonableness of a defendant's sentence is conducted under the "deferential abuse of discretion standard." United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008).

The statutory maximum term of imprisonment for Defendant's misdemeanor conviction is twelve months. In this case, our review of the record reveals no reason to believe the district court abused its broad discretion in sentencing Defendant to a six-month prison term. See United States v. Donohoe, 458 F.2d 237, 239 (10th Cir. 1972) (noting that "[w]ide discretion in imposition of sentence reposes in the trial judge"). Accordingly, we reject Defendant's challenge to the substantive reasonableness of his sentence.

---

[3] To the extent, if any, Defendant wishes to challenge the procedural reasonableness of his sentence, we deem this issue waived. See United States v. Wooten, 377 F.3d 1134, 1145 (10th Cir. 2004) (noting that we refuse to address "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation").

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge