**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DAVID REYES,

     Defendant-Appellant.

No. 08-3234

(D.C. No. 2:07-CR-20098-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

Defendant David Reyes pled guilty, without a written plea agreement, to

possessing more than five grams of methamphetamine with the intent to distribute,

in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. His total offense level of

32 and criminal history category of I, as calculated by the district court, resulted in

a suggested Guidelines range of 121 to 151 months' imprisonment. The district court

sentenced Defendant to 121 months' incarceration — the low end of the Guidelines

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

range. On appeal, Defendant raises three issues for our review. First, Defendant contends that the district court, in failing to rule on a factual objection he made to the Presentence Investigation Report (PSR), violated Federal Rule of Criminal Procedure 32(i)(3)(B). Second, Defendant challenges the district court's factual finding that the $8,450.00 officers found on his person on June 30, 2007 represented the fruits of the drug trade. Third, Defendant argues that his 121-month sentence is substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

I.

Defendant's drug charge stemmed from a search of his home, which uncovered a small amount of methamphetamine and a significant amount of U.S. currency. For sentencing purposes, the district court converted the currency found in Defendant's possession — both the $10,300.00 recovered from his home and $8,450.00 found on his person during an earlier arrest — into an equivalent quantity of drugs pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2D1.1, comment 12.[1] See

---

[1] Comment 12 to U.S.S.G. § 2D1.1 reads in relevant part:

> Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level. See § 1B1.3(a)(2) (Relevant Conduct). Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the

(continued...)

2

United States v. Rios, 22 F.3d 1024, 1026 (10th Cir. 1994) (noting that § 2D1.1, comment 12 allows district courts to approximate "the quantity of the controlled substance where there is no drug seizure or where the amount seized does not reflect the scale of the offense"); see also id. at 1027 (explaining that district courts may consider "quantities of drugs not charged in the indictment" if they are "part of the same course of conduct or part of a common scheme or plan as the offense of conviction"). We briefly summarize the relevant facts.

On June 30, 2007, a Kansas City police officer stopped Defendant's vehicle based on his knowledge that Defendant was driving with a suspended license. The officer arrested Defendant and conducted a search of his person, which uncovered $8,450.00 in cash. The majority of this currency — $5,150 to be exact — was made up of ten or twenty dollar bills. Defendant initially refused to tell the arresting officer how he acquired the money. He eventually stated, however, that he earned the money as a rapper. When several of Defendant's family members arrived at the scene, they advised officers that Defendant had no known employment. While several family members indicated that Defendant was indeed a rapper, they were unable to describe a performance for which Defendant had been paid.

---

[1](...continued)
> price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

3

Three weeks later, police responded to a call from Defendant's girlfriend, who reported that Defendant had assaulted her. When officers arrived at her location, she also told them that Defendant was involved in the sale of methamphetamine. She stated that Defendant currently had approximately two pounds of methamphetamine at their residence, along with various drug proceeds. Further, Defendant's girlfriend gave officers an accurate description of the black Mercedes Defendant was driving when police arrested him later that day for aggravated battery and two outstanding bench warrants.

Police eventually obtained a warrant to search Defendant's home. In a steel drum in Defendant's backyard, officers uncovered a clear plastic bag containing a small amount of methamphetamine powder, along with a plastic bag containing a crystalline substance, which turned out to be a cutting agent. See United States v. Richards, 87 F.3d 1152, 1156 (10th Cir. 1996) ("[D]rug traffickers trade not only in 'pure' drugs, but often mix drugs with cutting agents, carrier mediums, and other substances."). Officers also discovered $10,300.00 in U.S. currency in a pair of blue shorts in Defendant's bedroom. Most of the bills located in Defendant's home — $4,000 in total — were in ten or twenty dollar denominations. Defendant later admitted to (1) owning the methamphetamine recovered from his residence, and (2) selling methamphetamine for the last two months.

## II.

At sentencing, Defendant disputed the PSR's conclusion that he acquired the

4

$8,450.00 recovered on June 30, 2007 through the sale of methamphetamine. The district court overruled his objection and incorporated the modified PSR into Defendant's 121-month sentence.[2] With reference to the sentencing transcript and the contents of the modified PSR, we proceed to address the three issues Defendant has raised for our review.

A.

The parties dispute whether the district court ruled on Defendant's objection to the PSR's factual conclusion that the $8,450.00 found on Defendant's person on June 30, 2007 were the fruits of the drug trade. While the district court explicitly overruled Defendant's objection to the means by which the currency found in his possession was converted to 62.32 grams of actual methamphetamine, it did not squarely address Defendant's factual contention that he acquired the $8,450.00 through his work as a rapper. See Fed. R. Crim. P. 32(i)(3)(B) (requiring district courts to rule on disputed portions of the PSR or determine that such a ruling is unnecessary).

Defendant recognizes that even if the district court's lack of explanation violated Rule 32(i)(3)(B), we may review only for plain error, as he failed to specifically object to this omission at sentencing. See United States v. Cook, 550

---

[2] The district court sustained Defendant's objection to the PSR's two-level increase in his offense level, under U.S.S.G. § 2D1.1(b)(1), for possession of a firearm.

5

F.3d 1292, 1297-98 (10th Cir. 2008) (holding that plain-error review applies when a defendant fails to make a specific Rule 32(i)(3)(B) objection based on a district court's failure to resolve a factual dispute). Because Defendant cannot satisfy the third prong of the plain error test, we decline to decide whether the district court complied with Rule 32(i)(3)(B). Instead, we simply assume, for purposes of this appeal, that the district court plainly erred in failing to explain the logic behind its overruling of Defendant's factual objection. See United States v. Pena-Hermosillo, 522 F.3d 1108, 1113 (10th Cir. 2008) (reversing and remanding because "the district court's reasoning was not 'definite and clear'").

The third prong of the plain error test requires Defendant to demonstrate that the district court's error caused him prejudice. See United States v. Zubia-Torres, 550 F.3d 1201, 1209 (10th Cir. 2008). In other words, Defendant must establish "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Uscanga-Mora, 562 F.3d 1289, 1295 (10th Cir. 2009). We have no reason to believe that the district court's explicit consideration of Defendant's factual objection would have led to a different result here.

Defendant was a suspected drug dealer who admitted to selling methamphetamine during the period in which the $8,450.00 was found on his person. The currency found in his possession was in predominantly small bills. See United States v. Solomon, 399 F.3d 1231, 1236 (10th Cir. 2005) (noting that "dealers

6

typically have significant amounts [of cash], in small bills"). Over a six-month period, authorities made similar currency seizures from his person, a car in which he was traveling, and his residence. Defendant had no known source of employment. See United States v. Hahn, 551 F.3d 977, 980 (10th Cir. 2008) (noting that a defendant failed to "identify any other sources of income to explain the cash deposits"). Every indication in the record suggests Defendant's "sole source of income was his drug-trafficking operations." United States v. Angelos, 433 F.3d 738, 753 (10th Cir. 2006). With this overwhelming evidence working against him, Defendant cannot establish a reasonable probability that the district court's explanatory error caused him prejudice. See Cook, 550 F.3d at 1298-99.

## B.

Defendant also challenges the district court's factual finding that the $8,450.00 found on his person on June 30, 2007 represented the fruits of the drug trade. We review a district court's factual finding at sentencing for clear error, reversing only if that finding is "wholly without factual support in the record." United States v. Ivory, 532 F.3d 1095, 1103 (10th Cir. 2008). The record in this case, as described above, clearly supports the district court's conclusion that Defendant obtained the $8,450.00 in question through drug trafficking. See United States v. Brown, 556 F.3d 1108, 1110 (10th Cir. 2009) (recognizing that "sentencing facts are based on the evidence and testimony presented at sentencing under a preponderance of the evidence standard"). For many of the same reasons we rejected Defendant's Rule

7

32(i)(3)(B) challenge, his claim that the record does not support the district court's factual finding also fails. See supra Part II.A.

## C.

Finally, we consider Defendant's argument that his sentence is substantively unreasonable, i.e., the length of his sentence is unreasonable given "all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009). Our review of the reasonableness of Defendant's sentence is conducted under a deferential abuse-of-discretion standard. See United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008). The district court sentenced Defendant to 121 months' imprisonment — the low end of the suggested Guidelines range. Because the district court selected a within-Guidelines sentence, its ruling is due a presumption of substantive reasonableness on appeal. See United States v. Algarate-Valencia, 550 F.3d 1238, 1245 n.6 (10th Cir. 2008). Our review of the record has failed to uncover any evidence that brings this presumption of reasonableness into question. See United States v. Donohoe, 458 F.2d 237, 239 (10th Cir. 1972) (recognizing that "[w]ide

8

discretion in imposition of sentence reposes in the trial judge").

AFFIRMED.


Entered for the Court,


Bobby R. Baldock
United States Circuit Judge