134 F.3d 382
 98 CJ C.A.R. 558
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Karl ELLIS-BEY, Petitioner-Appellant,
v.
L.E. BRUCE; Charles Simmons, Secretary of Corrections,
Kansas Department of Corrections; J. Fischer, Records
Clerk, Ellsworth Correctional Facility; Teresa L. Saiya,
KPB Administrator, Respondents-Appellees.
 No. 97-3202.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1998.
 
 Before BRORBY, EBEL, and KELLY, Circuit Judges.**
 ORDER AND JUDGMENT*
 PAUL J. KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Ellis-Bey, an inmate appearing pro se and in forma pauperis, appeals from the dismissal without prejudice of his habeas petition, 28 U.S.C. § 2254[1], for failure to exhaust state remedies. The district court also denied Mr. Ellis-Bey's request for a certificate of appealability. See 28 U.S.C. § 2253(c)(1),(2).
 
 
 2
 Mr. Ellis-Bey contends that Defendants improperly aggregated his sentences in violation of Kan. Stat. Ann. § 22-3717(f) (Supp.1993). However, the district court properly dismissed Mr. Ellis-Bey's claims without prejudice, as Mr. Ellis-Bey must exhaust state remedies available to him before a federal court will examine his claims. See 28 U.S.C. § 2254(b)(1)(A); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). We accordingly DENY Mr. Ellis-Bey's motion for issuance of a certificate of appealability and DISMISS the appeal.
 
 
 
 **
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Though Mr. Ellis-Bey's pleadings posture this case as one arising under 28 U.S.C. § 1983, see I R. doc. 1 at 1-2(c), the district court properly construed his request as one for habeas relief under 28 U.S.C. § 2254 because his claim, at base, challenges the duration of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (no cause of action for damages under § 1983 unless prior successful challenge to confinement); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)