**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY LYN FARRELL,

Plaintiff-Appellant,

v.

DELORES RAMSEY, Director of
Appeals, and DEPARTMENT OF
CORRECTIONS,

Defendants-Appellants.

No. 01-7030

(E.D. Oklahoma)

(D.C. No. 99-CV-569-X)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jimmy Lyn Farrell, a state prisoner proceeding pro se, filed suit against the Oklahoma Department of Corrections ("ODOC") and Delores Ramsey, the former director of prisoner misconduct appeals at the ODOC, arguing that the defendants violated his constitutional rights in violation of 42 U.S.C. § 1983. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and Mr. Farrell now appeals. For the reasons stated below, we reverse and remand.

I.

In his complaint, Mr. Farrell raised three claims against Ms. Ramsey and the ODOC. All three claims related to the following facts alleged not only in the complaint filed by Mr. Farrell on October 26, 1999, but also in the "supplemental complaint," which Mr. Farrell filed the next day.

Mr. Farrell was charged by the ODOC with prison misconduct – more specifically, for "bartering" his legal services to another inmate. For the prison misconduct, Mr. Farrell was punished with fifteen days of lock-up, a loss of forty-five days of earned credits, a $25 fine, and a reduction in his earned credit class level (from Level 4 to Level 1). Mr. Farrell subsequently appealed the determination of prison misconduct to Ms. Ramsey, the ODOC's director of prison misconduct appeals, but Mr. Farrell claims she did not respond within the required fifteen-day period. See Rec. doc. 6, at 6 (supplemental complaint, filed

-2-

Oct. 27, 1999) [hereinafter Supp. Complaint] ("She has denied the appeal but she was still out of time by (5) days."). According to Mr. Farrell, for Ms. Ramsey's failure to respond in a timely manner to his appeal, he should have been granted "[m]y time back and level 4 and all fines they gave me." Rec. doc. 2, at 6 (complaint, filed Oct. 26, 1999).

In response, the defendants filed a "motion to dismiss/motion for summary judgment." Rec. doc. 19, at 1 (motion to dismiss or for summary judgment, filed Apr. 25, 2000). The district court, taking into account both the defendants' and Mr. Farrell's papers, as well as the <u>Martinez</u> report prepared by the ODOC, dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). It noted first that

> [t]o the extent plaintiff requests equitable relief in the form of earlier release from confinement, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement when the relief sought includes immediate or speedier release.

Rec. doc. 30, at 2 (order, filed Mar. 5, 2001). The district court then concluded that Mr. Farrell's civil rights complaint was frivolous because it contained only conclusory allegations.

II.

We review the dismissal of a case pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion. See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (applying abuse of discretion standard to dismissal under 28 U.S.C. § 1915(d), now codified at § 1915(e)(2)(B)(i)). We begin our analysis of the case at bar by recognizing, as did the district court, the Supreme Court's holding in Preiser v. Rodriguez, 411 U.S. 475 (1973) – namely, that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, *his sole federal remedy is a writ of habeas corpus*." Id. at 500 (emphasis added). Under Preiser, Mr. Farrell should not have filed a § 1983 claim to obtain the relief he desired but rather a petition for a writ of habeas corpus.

Nevertheless, pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), a pro se litigant's pleadings are to be liberally construed. See id. Given this standard, we liberally construe Mr. Farrell's civil rights complaint as a habeas petition, especially because it was clear from his complaint and supplemental complaint that he did not seek money damages but rather only relief from the execution of his sentence. See Ellis-Bey v. Bruce, No. 97-3202, 1998 WL 33874, at *1 n.1 (10th Cir. Jan. 29, 1998) (unpublished opinion) ("[T]he district court properly construed [the plaintiff's] request [filed pursuant to § 1983]

-4-

as one for habeas relief under 28 U.S.C. § 2254 because his claim, at base, challenges the duration of his confinement."); see also Sapp v. Patton, 118 F.3d 460, 463-64 (6th Cir. 1997) (construing a § 1983 claim as a habeas petition); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (stating that, "[i]n cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim, we have said that the district court should treat the complaint as a habeas petition"); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir. 1968) (stating "that the [civil rights] complaint should properly have been treated as a petition for habeas corpus" because the plaintiff was "seeking no damages," instead "request[ing] a declaration that his conviction was invalid and an injunction restraining his further imprisonment").

Because Mr. Farrell challenges the execution of his sentence, and because we determine the above authorities to be persuasive, we hold that we should construe his pleadings as a habeas petition filed pursuant to 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). While § 2241 does not require exhaustion of state remedies prior to filing a habeas petition, this court has held that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (internal

quotation marks omitted); <u>see also</u> <u>Montez,</u> 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). We note, as did the defendants, that Mr. Farrell has not demonstrated that he has exhausted his state remedies. <u>See</u> Aple's Br. at 3. We therefore VACATE and REMAND with instructions to the district court to DISMISS the case without prejudice.[1]

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1] Because we construe Mr. Farrell's complaint as a petition filed pursuant to § 2241, this court's order of June 21, 2001 assessing fees is vacated. <u>See</u> Rec. doc. 38, at 1.