**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen J. DINNEEN, Defendant-Appellant.**

**No. 573–70.**

United States Court of Appeals, Tenth Circuit.

June 30, 1972.

Arthur W. Zarlengo, Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty. (James L. Treece, U. S. Atty., Denver, Colo., and John M. High, Securities and Exchange Commission, on the brief), for appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal challenges a conviction of appellant Dinneen of criminal contempt under 18 U.S.C. § 401. Following a trial to the court, Dinneen and his codefendant, James C. Danielson, were found guilty of willful violation of a preliminary injunction issued by the District Court, and each received six month sentences. From this conviction and sentence Dinneen appeals.

In 1967 the Securities and Exchange Commission (the Commission) obtained a preliminary injunction in the United States District Court for the District of Colorado. In essence the injunction restrained Danielson and other named defendants, not including Dinneen, and their agents, servants, employees, attorneys and persons in active concert with them from directly or indirectly using the mails or other means of transportation or communication in commerce, to offer to sell or sell stock of Woodward Oil, Inc., and Goldfish Mines Corporation, and also restrained them from carrying such securities through the mails or in commerce for the purpose of sale or delivery after sale, unless or until a registration statement as to such securities was filed with the Commission. The injunction provided, however, that it did not apply to any security or transaction which is exempted from the provisions of § 5 of the Securities Act of 1933.

Among other things the prosecution was premised on allegations, stated in an application by the Commission for an order to show cause, of violations by Danielson and Dinneen of the injunction by arrangements with a broker concerning Woodward stock. This appeal concerns only such contacts by Danielson and Dinneen with this registered broker, Michael Contes, primarily at his New York office. The detailed facts will be discussed in dealing with the issues raised by Dinneen on this appeal, to which we now turn.

First, we will treat Dinneen's argument that the evidence was insufficient to support the conviction. The test is whether the court's finding of guilt is supported by substantial evidence, and reasonable inferences drawn therefrom, when viewed in the light most favorable to the prosecution. Seefeldt v. United States, 183 F.2d 713 (10th Cir.). Viewed in this light there was proof tending to show the following facts.

About seven months after its issuance the preliminary injunction was personally served on Dinneen in May, 1968. Around June, 1968, Danielson telephoned to Contes in New York about the sale of stock through Contes. He called again from Miami saying he was coming up. Shortly thereafter Danielson and Dinneen arrived on July 2 at Contes's office and discussed the sale of Woodward stock. When they arrived they had certificates representing 100,000 Woodward shares. The certificates were in the name of Danielson. The assignment on them had been signed by Danielson. Contes said that because Woodward had no transfer agent notarial forms should be executed, which Contes signed.

Contes testified that during their discussion an explanation was made about the transaction. It was explained that Danielson had borrowed funds from Dinneen and Dinneen got the stock in return; that he, Dinneen, would rather keep the stock, but that he wanted to sell it because he needed the money to conduct his business. Contes testified also that Dinneen showed him identification and filled out a card to open an account with the brokerage firm. Contes said he gave Dinneen a receipt for the 100,000 shares of Woodward stock. Contes testified that he was not advised during this conference of the injunction.

Contes further testified concerning telephone calls that followed. In a first call Dinneen did not give him a sell order for a specific amount, and Contes said they should see how the market was. He said Dinneen later called again, probably within a week after the New York conference, saying he was willing to take a dime a share, but he wanted to sell because he needed the money and had to have the cash. Short-

ly thereafter a call and wire from the Commission notified Contes about the injunction.

For this reason Contes did not proceed to offer the stock to the public. After this Contes got another call from Dinneen in which Dinneen said he was working everything out and that the stock should be freed up in another day or two so that it could be sold.

■ Among other things the trial court found that Dinneen willfully participated with Danielson in the offering for sale of the stock, and that thereby he knowingly and willfully violated the injunction and was guilty of contempt. There is no showing of actual offer by Contes of the stock for sale, thus raising a substantial question of sufficiency of proof of such a violation. However, while no offer to others was made by Contes in a contractual sense, the injunction was stated in such terms and detail that Dinneen was on precise notice that such acts as he did were prohibited. See Williams v. United States, 402 F.2d 47, 48 (10th Cir.). In view of the discussions, delivery of the certificates, opening of the account, discussion of the sale price and authority given to Contes to sell, we are satisfied there was sufficient proof to sustain the contempt finding.[1]

■ In challenging the sufficiency of the proof appellant's principal argument is that the evidence did not show both the offering for sale *and* sale of the Woodward stock, and other acts charged conjunctively.[2] The application and show cause order did conjunctively allege that all such violations had been committed. The injunction seriatim, and without disjunctive or conjunctive wording, prohibited the various acts discussed above. Thus, all of the various violations alleged came within the provisions of the court order. We feel that the general rule relating to statutes making several acts a crime applies here. In such circumstances several violations may all be alleged conjunctively, but it is sufficient if the evidence establishes the commission of any one of the acts charged. See Turner v. United States, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610; United States v. Duran, 411 F.2d 275, 278 (5th Cir.); and Troutman v. United States, 100 F.2d 628, 631 (10th Cir.). We feel the proof sufficient to sustain the finding that Dinneen violated the injunction by offering the Woodward stock for sale and the finding of guilt based thereon.

Secondly, appellant Dinneen argues that the trial court erred in not assigning counsel to represent him. He says that such right was guaranteed him under Rule 44, F.R.Crim.P.; that although he waived his right to appointed counsel, the record shows his gross ineptitude in defending himself; that the case was complex, which imposed an especially heavy duty on the trial court. Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557; and that there was no determination of the propriety of his waiver of the right to counsel, which is not presumed, with reliance placed on Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; and Johnson v. Zerbst, 304

---

1. The conference of Contes with Danielson and Dinneen in New York took place on July 2, 1968, at which time the account card was signed and the stock certificates were left with Contes. The call about the price of ten cents per share was probably within a week from the time Dinneen left. Contes testified that he believed this was before he heard about any injunction against sale of the stock. Contes said the telegram (which is dated July 5, 1968) and the phone call by the S.E.C. were the reason he didn't go ahead and offer Dinneen's stock to the public. While there is some doubt we feel the circumstances as a whole support the finding.

2. Dinneen points out that the application for an order to show cause alleged conjunctively that he and Danielson had been and were offering for sale and selling Woodward stock, and that in the offer for sale of such securities they used means of transportation in commerce to sell and to offer to sell the stock.

U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, among other authorities.

After service of the application and order to show cause in September, 1968, continuances were granted pending the disposition of another case and on motions of the defendants. At a hearing in March, 1970, for a continuance Dinneen stated that he wished to obtain counsel, referring to the complexity of the case. At that time the court advised him of his constitutional right to counsel, and that the court would appoint counsel if he desired. Dinneen stated that he waived court appointed counsel and would either retain counsel or appear pro se. A continuance was granted until May, 1970.

We have no transcript of that hearing, but these facts appear in minutes by the court reporter on the proceedings and they are not questioned by Dinneen. When the case was called for trial the court inquired whether Dinneen was appearing pro se and he stated that he was. He and Danielson both represented themselves throughout the two-day trial and made no objection or request for assistance of counsel.

■ There must be an intelligent and knowing waiver of the fundamental constitutional right to assistance of counsel. Johnson v. Zerbst, supra. The right does not depend on a request. Carnley v. Cochran, supra. The court must investigate as long and as thoroughly as the circumstances demand and must be satisfied from a comprehensive examination that there is an understanding waiver. Bennett v. United States, 413 F.2d 237, 243 (7th Cir.), cert. denied, 397 U.S. 996, 90 S.Ct. 1136, 25 L. Ed.2d 404; Tobin v. United States, 402 F.2d 307, 309 (7th Cir.). However, a defendant may waive his constitutional right to counsel if he knows what he is doing and if his choice is made with his eyes open. Adams v. United States, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268.

■ Here the trial court found that the defendants elected to appear pro se after being advised of their constitutional right to be represented by counsel. Several months before trial they had been served with papers stating the allegations and detailing the nature of the case. They had appeared at several hearings and Dinneen was admittedly advised of his right to counsel several weeks before trial. He declined court appointed counsel then and appeared later at trial saying he would represent himself. He knew for some weeks ahead of his pro se appearance for trial what the maximum punishment could be—imprisonment for six months as stated in an order to show cause of the trial court. In view of these circumstances and the trial court's opportunity to evaluate them, we feel that the finding of waiver is supported by the record. See Miles v. United States, 385 F.2d 541, 543 (10th Cir.); and Sandoval v. Tinsley, 338 F.2d 48, 51 (10th Cir.).

■ Appellant also says that the trial court should nevertheless have appointed counsel, arguing that the case was complex and that several of his own actions and omissions at trial demonstrate an inept defense and unfairness. The complexity of a case and a defendant's courtroom inexperience do bear on the necessity of appointing counsel to insure a fair trial. Cf. Cash v. Culver, supra 358 U.S. at 637–638, 79 S.Ct. 432. There may have been tactical decisions by Dinneen that were not advisable and which counsel might have disagreed with, and different steps that counsel might well have taken. However, there is no showing of actual prejudice to any bona fide defense which Dinneen had and the circumstances of the alleged violations were not complex.[3] There were

---

3. Among other things, Dinneen argues that he reserved his opening statement and then failed to make one later; that his cross examination of a witness turned into questioning of him by the witness; and that he failed to put on any evidence in his defense. The detailed allegations of the facts averred by the Government were available to Dinneen and Danielson from the affidavit supporting the application for order to show cause over 18 months in advance of trial. The Government case

numerous motions and acts at trial demonstrating Dinneen's awareness of the issues and the relevant facts. Furthermore, Dinneen appeared to conduct his own trial after considerable opportunity to deliberate his choice to do so. The Constitution does not require that under all circumstances counsel be forced on a defendant. Carter v. Illinois, 329 U.S. 173, 174–175, 67 S.Ct. 216, 91 L.Ed. 172. We do not feel that the record of this non-jury trial demonstrates any denial of due process nor any error by the trial court in permitting Dinneen to represent himself.

Thirdly, we will consider Dinneen's argument that he was misled in the presentation of his defense by a definition of the charges by the trial court. The contention is that a ruling stated by the trial court misled Dinneen into believing that the Government charges would not be proved if there was not an actual sale of the Woodward stock and obtaining of money thereby, and that for this reason Dinneen refrained from presenting any evidence in his own behalf.

Specifically Dinneen refers to a statement by the court excluding certain testimony from the last witness the Government offered as irrelevant to the contempt charges. The Government was apparently seeking to prove that certain facts concerning the finances of Woodward were not as represented by Danielson to Contes, in support of the charge that the injunction had been violated with respect to its prohibition against obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact. During discussions between the court and Government counsel, the Government stated that its proof would only show an attempt to obtain money and property and would not establish that they were obtained.

The court examined the provisions of the injunction which in this respect prohibited only obtaining money or property by such statements or omissions, but not an attempt to do so. In stating its ruling the court said that in this respect the charges against the defendants were limited to the actual obtaining of money or property by means of untrue statements, not covering the attempt to do so, and excluded the testimony of the alleged untrue statements since no money or property was obtained.

■ From an examination of the record on this point we are not persuaded that the trial court committed any error in the statement of the ruling. The court and counsel expressly referred to the particular separate provisions in the injunction which were involved. As the court said, they did not cover a mere attempt to obtain money by untrue statements or omissions. However, the ruling in no way indicated that an offer of sale of the unregistered Woodward stock was not a violation of the injunction because the sale was not completed. This was a separate violation charged against the defendants. We are satisfied there was no error by the trial court in this respect.

■ Fourth, Dinneen argues that the proof did not establish that he had the requisite intent to violate the preliminary injunction. He says that the Government failed to prove his awareness that the Woodward stock was unregistered. The record shows, however, that personal service was made on Dinneen of the preliminary injunction prior to the Contes transaction. The wording of the injunction plainly indicated the lack of registration. Next, Dinneen argues that the Government failed to prove that the Woodward stock was not within the exemptions from the requirements of § 5 of the Act. It was incum-

---

rested primarily on the testimony of Contes. While the various corporate transactions were somewhat involved, the basic facts about the Contes transaction and whether the injunction was violated by Dinneen's participation in it were not

complex. On the whole record we cannot agree that any fundamental unfairness to Dinneen was shown by permitting Dinneen to represent himself at the trial to the court.

bent on the defendant, not the Government, to set up an exception and present proof raising such a defense. See Edwards v. United States, 312 U.S. 473, 483, 61 S.Ct. 669, 85 L.Ed. 957; McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301; and United States v. Custer Channel Wing Corporation, 376 F.2d 675, 678 (4th Cir.), cert. denied, 389 U.S. 850, 88 S.Ct. 38, 19 L.Ed.2d 119. The test is whether there was a willful violation of the injunction. Williams v. United States, supra; United States v. Custer Channel Wing Corporation, supra at 680–681. We are satisfied that the record supports the trial court's finding that Dinneen knowingly and willfully violated the injunction and was guilty of contempt.

Lastly Dinneen argues that the trial court abused its discretion in refusing to grant a severance of his trial from that of Danielson. The argument is that certain proof about Danielson's earlier transactions in connection with 100,000 shares of unregistered Woodward stock was admitted without proof of Dinneen's knowledge of them. Dinneen says that such proof of Danielson's intent was improperly imputed to him and that a severance would have avoided a finding of Dinneen's intent by such an inference. Also Dinneen says Danielson purported to represent them both at times and threw blame unfairly on him about the Contes transaction, which severance could have prevented.

Dinneen's motion was made orally during the early part of the first day of trial. It was denied on the grounds that it was untimely and also because the same evidence on the Contes transaction might well apply to both defendants. Since the objection was not made by a pretrial motion as called for by Rule 12(b), F.R.Crim.P., it was subject to denial as untimely. Smith v. United States, 86 U.S.App.D.C. 195, 180 F.2d 775. The trial court does have a continuing duty during trial to grant a severance if prejudice appears. Schaffer v. United States, 362 U.S. 511, 516,

80 S.Ct. 945, 4 L.Ed.2d 921. However, we feel the record shows no such prejudice to Dinneen in this non-jury trial. It was fairly conducted and findings were made separately as to each defendant and the different transactions involved. We are satisfied there was no unfairness to Dinneen by the ruling and the conduct of the trial.

Affirmed.