FILED
United States Court of Appeals
Tenth Circuit

April 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Respondent - Appellee,

    v.

JAMES E. BAKER,

      Petitioner - Appellant.

No. 10-3000
(D. Ct. Nos. 6:09-CV-01130-JTM &
6:06-CR-10129-JTM-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant James Baker, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his motion to vacate, correct, or set aside his conviction, which he brought under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), DENY Mr. Baker's request for a COA, and DISMISS his appeal.

# I.  BACKGROUND

In 2006, Mr. Baker was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  The district court concluded that Mr. Baker was an armed career criminal based on three prior state convictions and enhanced his sentence accordingly.  Ultimately, Mr. Baker was  sentenced to 235 months' imprisonment.  On direct appeal, we rejected Mr. Baker's arguments that he was entitled to a jury instruction regarding an "innocent possession" defense and that he could not be sentenced as an armed career criminal because his civil rights had been restored for at least one of his prior state convictions.  *See United States v. Baker*, 508 F.3d 1321, 1330 (10th Cir. 2007).  After this court denied Mr. Baker's request for a rehearing en banc, *see United States v. Baker*, 523 F.3d 1141 (10th Cir. 2008), and the Supreme Court denied his petition for certiorari, *see Baker v. United States*, 129 S. Ct. 349 (2008), Mr. Baker sought this post-conviction relief.

In his § 2255 motion to vacate, correct, or set aside his conviction, Mr. Baker asserted various grounds for relief including multiple claims of ineffective assistance of counsel.  The bases for his ineffective assistance claims were his attorney's failure to: (1) assert a due process violation based on the jury's viewing him in handcuffs; (2) assert a "mistake of fact" defense rather than an "innocent possession" defense; and (3) appeal a previous dismissal of Mr. Baker's prosecution without prejudice.  The district court rejected all of Mr. Baker's claims and denied his motion.  Mr. Baker now seeks a COA to appeal from that decision.

## II. DISCUSSION

A petitioner may not appeal the denial of habeas relief under § 2255 unless he obtains a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as in this case, the district court denies the petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his application for a COA, Mr. Baker first alleges that the trial judge "constructively amended" his indictment by instructing the jury that for the purposes of § 922(g)(1), "ammunition" includes cartridge casings. Mr. Baker did not assert this constructive amendment argument, however, in his § 2255 motion. In considering an application for a COA, we examine whether reasonable jurists could debate the district court's resolution of the petitioner's claims. Because Mr. Baker did not present any iteration of his constructive amendment argument to the district court in his § 2255 motion, that argument has no bearing on whether the district court's resolution of his constitutional claims is debatable by reasonable jurists. We therefore do not consider this issue here.

Mr. Baker also alleges in his application for a COA that his trial counsel was ineffective in failing to ask the trial court to instruct the jury to resolve whether his civil rights had been restored on his prior state convictions. In his § 2255 motion, Mr. Baker contended that the question of whether his civil rights had been restored on his prior state

convictions is a question of fact that should have been decided by the jury rather than the trial court; however, he did not raise this argument in the context of an ineffective assistance of counsel claim. Although Mr. Baker technically couches his "restoration of civil rights" argument in terms of an ineffective assistance of counsel claim for the first time in his application for COA, we construe his pro se filings liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and therefore consider this argument for the purposes of Mr. Baker's application for a COA.

The district court concluded that the restoration of civil rights issue is a question of law that was properly decided by the trial court. We have held that whether a defendant's sentence is properly enhanced under the Armed Career Criminal Act is a question of statutory interpretation that we review de novo. *United States v. Burns*, 934 F.2d 1157, 1159 (10th Cir. 1991). Furthermore, we have concluded that "in determining whether a state has restored a convicted felon's privilege to possess a firearm, one must look to the whole of state law rather than simply to the certificate granting the restoration of civil rights." *Id.* In light of this precedent, reasonable jurists could not debate whether the district court properly concluded that the restoration of civil rights issue is a question of law. Furthermore, Mr. Baker's counsel was not ineffective in failing to seek a jury instruction on this legal question. Accordingly, Mr. Baker's second argument is without merit.

Finally, Mr. Baker contends that his trial counsel was ineffective in seeking a jury instruction on an innocent possession defense rather than a mistake of fact defense. Mr.

Baker asserted this argument in his § 2255 motion, and the district court rejected it, concluding that Mr. Baker's counsel's decision to pursue an innocent possession defense rather than a mistake of fact defense was a reasonable tactical decision. To succeed on his ineffective assistance of counsel claim, Mr. Baker must show "both that his counsel's representation 'fell below an objective standard of reasonableness,' and that there is a reasonable probability that, but for the counsel's error, 'the result of the proceeding would have been different.'" *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). "Whether to raise a particular defense is one aspect of trial strategy, and informed strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." *Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005) (internal quotations omitted). Although we ultimately rejected Mr. Baker's innocent possession defense on direct appeal, that does not mean that the decision to assert it was unreasonable. At the time of Mr. Baker's trial, at least one circuit court had recognized an innocent possession defense in the § 922(g)(1) context, *see United States v. Mason*, 233 F.3d 619, 623 (D.C. Cir. 2000), and on direct appeal, one member of the appellate panel would have recognized the defense. *See Baker*, 508 F.3d at 1330 (Holloway, J., dissenting). Similarly, the decision not to assert a mistake of fact defense was also reasonable. Indeed, Mr. Baker has not shown that such a defense is even supported by the record. Accordingly, reasonable jurists could not debate whether Mr. Baker's trial counsel was ineffective in pursuing an innocent possession defense rather than a mistake

of fact defense.

### III.  CONCLUSION

For the foregoing reasons, we DENY Mr. Baker's request for COA and DISMISS his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge