**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff−Appellee,

v.

JAMES E. BAKER,

      Defendant−Appellant.

No. 12-3056
(D.C. No. 6:06-CR-10129-JTM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY***

Before **KELLY**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

James E. Baker seeks a certificate of appealability ("COA") to challenge the district court's denial of his pro se "Motion to Reconsider and Vacate Enhancement." The district court denied the filing as an unauthorized second or successive § 2255 motion that did not warrant transfer to this court in the interest of justice. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). Because Mr. Baker attempted to advance an unauthorized second or successive § 2255 motion, we deny a COA and dismiss this appeal. *See* 28 U.S.C. § 2253.

---

\*     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A jury convicted Mr. Baker of being a felon in possession of ammunition. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on three prior convictions for violent felonies, the presentence investigation report ("PSR") recommended that Mr. Baker be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. Mr. Baker objected, arguing that one of his state burglary convictions was not a qualifying offense because his civil rights to possess firearms had been restored. *See* 18 U.S.C. § 921(a)(20) (exempting convictions for which a person's civil rights have been restored). Over Mr. Baker's objection, the district court adopted the recommendation and sentenced him to 235 months in prison. In affirming both the conviction and sentence, we specifically rejected Mr. Baker's argument that his civil rights had been restored so as to disqualify the predicate burglary offense. *United States v. Baker*, 508 F.3d 1321, 1327-30 (10th Cir. 2007).

Mr. Baker subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but the district court denied relief, and we denied a COA, *United States v. Baker*, 371 F. App'x 987, 988 (10th Cir. 2010). Among other things, we again rejected his claim that his prior offenses were exempted from the ACCA because his civil rights had been restored. *Id.* at 988-89. Mr. Baker then twice sought authorization to file second or successive § 2255 motions, but we denied both of his requests.

Undeterred, Mr. Baker filed in the district court a "Motion to Reconsider and Vacate Enhancement." In this filing, Mr. Baker insisted that his burglary conviction

could not sustain his sentence enhancement because his civil rights had been restored. And to support his position, Mr. Baker relied on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), and *United States v. Rodriquez*, 128 S. Ct. 1783 (2008), which he claimed represented a new change in the governing law. The district court, however, construed the filing as an unauthorized second or successive § 2255 motion, *see* 28 U.S.C. § 2255(h), and denied it rather than transfer it to this court in the interest of justice. Mr. Baker now seeks to appeal that ruling.

To pursue his appeal, Mr. Baker must obtain a COA. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling was based on procedural grounds, Mr. Baker must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In particular, the question here is whether reasonable jurists could debate whether the district court was correct in ruling that Mr. Baker's motion to vacate constitutes an unauthorized second or successive § 2255 motion. In considering these issues, we afford Mr. Baker's pro se materials a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

We conclude that no reasonable jurist could debate whether Mr. Baker's motion is an unauthorized second or successive § 2255 motion. His filing presented yet another iteration of the same argument that has been repeatedly rejected

- 3 -

throughout these criminal and post-conviction proceedings. Indeed, Mr. Baker maintained that his sentence had been improperly enhanced based on a purportedly exempted felony conviction---an argument that undeniably sought relief that is properly pursued via § 2255. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). And because Mr. Baker had already filed his first § 2255 motion, the district court correctly ruled that he was subject to the strict authorization requirements of § 2255(h). Absent such authorization, the district court correctly recognized that it lacked jurisdiction to consider Mr. Baker's motion.[1]

Accordingly, we DENY a COA and DISMISS this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[1]  We acknowledge the district court's imprecision in denying the motion rather than dismissing it for lack of jurisdiction. *See Nelson*, 465 F.3d at 1148 ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). Nevertheless, the court's analysis unequivocally demonstrates that the court correctly recognized Mr. Baker's pleading was an unauthorized second or successive § 2255 motion that the court lacked jurisdiction to consider.

- 4 -