**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES E. BAKER,

Defendant - Appellant.

No. 14-3076
(D.C. No. 6:06-CR-10129-JTM-1)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After his conviction in 2006, defendant and appellant James E. Baker filed a series of unsuccessful appeals following unsuccessful motions and petitions in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

district court.  He then filed a Motion for Appointment of Counsel, which the district court denied by written Memorandum and Order on April 1, 2014.  He now appeals that denial, which we affirm.

## BACKGROUND

Mr. Baker was convicted by a jury in 2006 of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  After finding he qualified as an Armed Career Criminal under 18 U.S.C. § 924(e), the district court sentenced him to a within-Guidelines sentence of 235 months' imprisonment.  We affirmed that conviction and sentence on appeal.  United States v. Baker, 508 F.3d 1321 (10th Cir. 2007).

Mr. Baker proceeded to file a series of collateral attacks on his conviction and sentence.  When he filed his first 28 U.S.C. § 2255 petition alleging ineffective assistance of counsel, we denied him a certificate of appealability ("COA").  United States v. Baker, 371 Fed. Appx. 987 (10th Cir. 2010) (unpublished).  He thereafter filed three motions for authorization to file a second or successive § 2255 motion, all of which we denied.  In re Baker, No. 10-3283 (10th Cir. Nov. 10, 2010) (unpublished); In re Baker, No. 11-3240 (10th Cir. Aug. 18, 2011) (unpublished); United States v. Baker, 484 Fed. Appx. 258 (10th Cir. June 12, 2012) (unpublished).

In 2013, Mr. Baker sought to vacate his conviction under Fed. R. Civ. P. 60(d)(3), claiming that the government had perpetrated fraud upon the court. The district court dismissed the claim, after recharacterizing it as a second or successive 28 U.S.C. § 2255 claim. Mr. Baker appealed that dismissal to our court, and we denied him a COA, dismissing his appeal because he failed to show "that jurists of reason would find it debatable whether the district court was correct in ruling that his motion was an unauthorized second-or-successive § 2255 motion." United States v. Baker, 718 F.3d 1204, 1208 (10th Cir. 2013). He subsequently moved this court for authorization to challenge his sentence in a successive § 2255 action, but we denied him authorization. In re Baker, No. 13-3223 (10th Cir. Oct. 2, 2013) (unpublished).

On March 24, 2014, Mr. Baker filed the instant Motion for Appointment of Counsel, requesting such appointment because "counsel is needed to properly present" ten issues to the district court relating to the investigation and prosecution of his offense. Mot. for Appt. of Counsel at 2-4; R. Vol. 1 at 765. He further claimed he needed counsel to thoroughly investigate these issues, which he claimed affected his constitutional rights. The district court denied his motion in a written Memorandum and Order, stating as follows:

> The court finds that Baker has demonstrated he is capable of articulating his claims adequately, so the interests of justice do not require appointing counsel for his additional challenges. In his motion, Baker specifically lays out the bases he intends to attack his conviction or sentence with and the facts supporting those bases.

Further, Baker has filed numerous pro se motions, and although none have been granted, none were rejected on the basis of being incomprehensible or not adequately stated. Baker may face some legal barriers in his renewed attempt to attack his conviction or sentence, as his direct appeal and previous § 2255 motions have consistently failed. But the potential procedural barriers do not establish a basis for appointing counsel for Baker.

Mem. & Order at 2-3; R. Vol. 1 at 774-75. This appeal followed.

## DISCUSSION

"The decision to appoint counsel is left to the sound discretion of the district court." Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001); Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

A defendant generally has no right to counsel in the presentation of a § 2255 motion, because the right to appointed counsel extends to the defendant's first appeal as of right, and no further. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hooks v. Workman, 689 F.3d 1148, 1209 (10th Cir. 2012) (Gorsuch, J. (concurring and dissenting). The court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but may decline when the issues raised are not unusually complex either legally or factually, and when the merits do not appear colorable. See United States v. Dinneen, 463 F.2d 1036, 1040 (10th Cir. 1972); United States v. La Monte, 684 F.2d 672, 674 (10th Cir. 1982); United States v. Schneider, 2014 WL 2119818, at *2 (10th Cir. 2014) (unpublished); United States v. Corber, 2007 WL 1018766, at *1 (D. Kan. 2007)

(unpublished).[1] Further, a defendant is entitled to counsel when an evidentiary hearing is required in a § 2255 proceeding. Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

As the district court noted, it denied Mr. Baker's motion on the basis that "Baker has demonstrated he is capable of articulating his claims adequately, so the interests of justice do not require appointing counsel for his additional challenges." Mem. & Order at 2; R. Vol. 1 at 774. Further, none of Mr. Baker's prior pleadings "were rejected on the basis of being incomprehensible or not adequately stated." Id. at 2-3. Mr. Baker alleges his case is "complex" and that there is "a complex conspiracy claim that counsel agreed with prosecution to ignore constitutional violations of appellant's rights and not file certain motions that would have without question changed the outcome of these proceedings." Id. at 6. But the district court clearly determined that Mr. Baker was able to articulate those claims sufficiently, such that counsel was unnecessary, and Mr. Baker does not explain why the district court was wrong. Indeed, his brief cites cases and explains the issues he wishes to pursue in his § 2255 petition or other collateral pleading. As the government states, Mr. Baker's brief "cites relevant case law, discusses testimony presented at his trial, raises legal theories that he believes will support his motion, and attaches relevant excerpts of trial testimony

---

[1]We acknowledge that we ordinarily do not cite unpublished decisions, but we choose to do so in this case because they simply reiterate the law in our circuit.

to his brief." Appellee's Br. at 7. In short, he seems entirely capable of presenting his case.

Furthermore, as indicated, we review the district court's denial of Mr. Baker's request for appointment of counsel for abuse of discretion. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2013) (further quotation omitted). We cannot say that the district court's decision meets that test.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge