FILED
United States Court of Appeals
Tenth Circuit

September 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAMES E. BAKER,

        Defendant - Appellant.

No. 15-3045
(D.C. No. 6:06-CR-10129-JTM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH** and **MORITZ**, Circuit Judges.

James E. Baker seeks to appeal from the district court's order treating his motion for an evidentiary hearing and his motion for a suppression hearing as unauthorized second or successive 28 U.S.C. § 2255 motions and dismissing them for lack of jurisdiction. In order to appeal from the dismissal of an unauthorized § 2255 motion, Mr. Baker must obtain a certificate of appealability (COA). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because Mr. Baker did not make an express request for a COA, we consider his notice of appeal to be such a request. *See* Fed. R. App. P. 22(b)(2). For the following reasons, we deny a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background

In 2006, Mr. Baker was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and sentenced to 235 months' imprisonment after the district court applied an armed-career-criminal enhancement. We affirmed his conviction and sentence on direct appeal. *United States v. Baker*, 508 F.3d 1321, 1324 (10th Cir. 2007). In 2009, he filed his first 28 U.S.C. § 2255 motion, which the district court denied. We denied his request for a COA. *United States v. Baker*, 371 F. App'x 987, 988 (10th Cir. 2010).

Since the denial of his first § 2255 motion, Mr. Baker has attempted to bring successive collateral challenges to his sentence on a number of occasions. In 2010 and 2011, Mr. Baker moved for permission to file successive § 2255 motions. Both requests were denied. After his second request for authorization was denied, Mr. Baker filed a motion in federal district court to reconsider and vacate his sentence enhancement. The district court construed the motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. Baker appealed the dismissal, and we denied his request for a COA. *United States v. Baker*, 484 F. App'x 258, 258-59 (10th Cir. 2012).

In 2012, Mr. Baker sought relief pursuant to Fed. R. Civ. P. 60(d)(3). The district court concluded that the motion sought to raise a substantive basis to overturn his conviction—which is properly brought in a § 2255 motion—and that it did not raise a defect in the integrity of the proceedings that could be considered pursuant to

Rule 60. The district court therefore dismissed the filing for lack of jurisdiction as an unauthorized second or successive § 2255 motion. We denied Mr. Baker's request for a COA. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Mr. Baker twice more sought permission to file a second or successive § 2255 motion and we denied both of those requests.

In December 2014, Mr. Baker filed a motion for a suppression hearing. In January 2015, he filed a motion for an evidentiary hearing. The district court concluded that both of these motions constituted attacks on Mr. Baker's conviction or attempts to revive his previously-denied § 2255 motion and should therefore be treated as unauthorized second or successive § 2255 motions. The district court dismissed both motions for lack of jurisdiction.

II. Discussion

Mr. Baker argues that the district court erred in construing his motions as successive § 2255 motions and dismissing them for lack of jurisdiction. To obtain a COA to challenge the district court's procedural ruling, Mr. Baker must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the

- 3 -

motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

"A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction." *Baker*, 718 F.3d at 1206. "[W]e look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *Id*. at 1208. "[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Baker*, 718 F.3d at 1208.

Although Mr. Baker styled his motion as one for a suppression hearing, he argued that the seizure of the ammunition that led to his conviction violated his Fourth Amendment rights and that his counsel was ineffective for failing to file a motion to suppress that evidence. Through the motion, Mr. Baker sought to assert or reassert claims that collaterally attack the merits of his underlying conviction. Under these circumstances, reasonable jurists could not debate that the district court was correct to treat the motion to suppress as a second or successive § 2255 motion and dismiss it for lack of jurisdiction.

In his motion for an evidentiary hearing, Mr. Baker again asserted that the evidence of the ammunition should not have been admitted against him and further

asserted that the government lacked standing to argue against the allegations he made in his original § 2255 motion. Through his motion for an evidentiary hearing, Mr. Baker sought to reopen his prior § 2255 proceedings for the purpose of attacking the district court's disposition of that motion on the merits. As he explains in his appellate brief, he "sought an evidentiary hearing to determine if the District Court had subject matter jurisdiction to rule on the merits of [the government's] response motion . . . [because] he only now . . . understood the significance of facts known to him at the time of his earlier petition under § 2255." Aplt. Br. at 18. Reasonable jurists could not debate that the district court was correct to treat the motion for an evidentiary hearing as a second or successive § 2255 motion and dismiss it for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 5 -