FILED
United States Court of Appeals
Tenth Circuit

April 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES E. BAKER,

    Defendant - Appellant.

No. 16-3001
(D.C. No. 6:06-CR-10129-JTM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BACHARACH**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Defendant-Appellant James E. Baker seeks a certificate of appealability

(COA) to challenge the district court's dismissal of his motion to amend his motion

under 28 U.S.C. § 2255 and its denial of his motion for reconsideration. *See*

28 U.S.C. §§ 2244(b)(3), 2255(h); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)

(per curiam). We deny the request for a COA.

Baker was convicted in 2006 of being a felon in possession of ammunition.

He was sentenced under the Armed Career Criminal Act (ACCA) based on three

prior felony burglary convictions. Following an unsuccessful direct appeal, Baker

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed his first § 2255 motion in May 2009.  The district court denied relief and this court denied a COA, *United States v. Baker*, 371 F. App'x 987, 988 (10th Cir. 2010).  Since then, Baker has filed a host of post-conviction motions that the district court has construed as unauthorized second or successive § 2255 motions and dismissed.  Each time Baker has sought to appeal a dismissal, we have denied him a COA.  Baker also has filed four motions seeking authorization from this court to file a second or successive § 2255 motion.  We have denied all of his requests.

Undeterred, Baker filed a motion in October 2015 seeking to amend his § 2255 motion based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), holding that the residual clause of the ACCA is unconstitutionally vague.  Baker sought to add a claim that his sentence was improperly enhanced under the ACCA because none of his prior convictions would qualify as a violent felony in the absence of the residual clause.  He argued that his amendment could relate back to his original § 2255 motion under Fed. R. Civ. P. 15(c).

Not surprisingly, the district court construed the motion to amend as yet another unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.  Baker then filed a motion for reconsideration, which the district court noted was also second or successive and denied.  And so we come to the current proceeding, in which Baker challenges the district court's dismissal of his motion to amend and the denial of his motion for reconsideration.

To appeal, Baker must first obtain a COA under 28 U.S.C. § 2253(c)(1)(B). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's dismissal for lack of jurisdiction rests on procedural grounds, Baker must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Baker argues that the district court erred in treating his motion to amend as a second or successive § 2255 motion for two reasons. First, he argues that the Supreme Court's decision in *Johnson* constituted a new factual predicate for the presentation of what he contends was a previously unripe claim. He likens the Supreme Court's "vacatur" of the ACCA's residual clause to the vacatur of a prior conviction and argues that, under the rationale of *In re Weathersby*, 717 F.3d 1108, 1110-11 (10th Cir. 2013) (per curiam), a § 2255 motion filed after a vacatur is not second or successive. Baker's argument is devoid of any merit. Striking down a statute is not akin to vacating a prior conviction. One alters the governing law, the other the operative facts. Baker could have challenged the application of the ACCA to his prior convictions when he filed his first § 2255 motion; the ripeness of that claim did not depend upon *Johnson*.

Second, Baker argues that his proposed amendment should not be treated as a second or successive claim because it relates back to his first § 2255 motion under

- 3 -

Rule 15(c). We have previously held that a post-judgment Rule 15 motion seeking to amend a § 2255 motion is subject to the restrictions on second or successive filings. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Accordingly, absent prior circuit authorization, the district court properly concluded it had no jurisdiction to rule on the motion to amend and dismissed it. *See In re Cline*, 531 F.3d at 1252.

The district court also correctly acknowledged that Baker's motion for reconsideration was itself an unauthorized second or successive § 2255 motion. The motion did not raise a defect in the integrity of the § 2255 proceedings; it sought instead to raise a new claim for relief. "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. Because it was an unauthorized second or successive motion the district court had no jurisdiction to entertain it.

We conclude that no jurist of reason could find it debatable whether Baker's motion to amend and his motion to reconsider were unauthorized second or successive § 2255 motions over which the district court had no jurisdiction. We therefore deny Baker's request for a COA. We note, however, that the district court denied, rather than dismissed, Baker's motion to reconsider. We therefore remand with instructions to the district court to dismiss the motion to reconsider for lack of

jurisdiction. We grant Baker's motion to proceed on appeal without the prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk